IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO BENJAMIN SANCHEZ OBREGON, | ) ) ) | Case No. 5:26-cv-02053-KJM |
| | ) | ORDER GRANING PETITION FOR |
| Petitioner, | ) | WRIT OF HABEAS CORPUS AND |
| | ) | DENYING AS MOOT EX PARTE |
| vs. | ) | APPLICATION FOR TEMPORARY |
| | ) | RESTRAINING ORDER AND ORDER |
| MARKWAYNE MULLIN, Secretary, | ) | TO SHOW CAUSE |
| Department of Homeland Security, ET AL. | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER GRANING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING AS MOOT EX PARTE APPLICATION FOR
<u>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE</u>

On April 22, 2026, Petitioner Francisco Benjamin Sanchez Obregon

("Petitioner") filed a Petition for Writ of Habeas Corpus and Complaint for

Declaratory and Injunctive Relief [ECF No. 1] and an Ex Parte Application for

Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

(the "Application") [ECF No. 2].  Petitioner requests an order:  (i) declaring that

denial of Petitioner's access to a bond redetermination hearing before an

immigration judge violates the Immigration and Nationality Act, the

Administrative Procedure Act, and the Due Process Clause of the United States

Constitution; and (ii) issuing a writ of habeas corpus directing Respondents

Markwayne Mullin, et al. ("Respondents"), to either release Petitioner or provide

him with an individualized bond hearing within seven (7) days.  ECF No. 1 at 7.

On April 30, 2026, Respondents filed a Response to the Petition.  ECF No. 11.  On

May 4, 2026, Petitioner filed a Reply.  ECF No. 12.

It bears noting at the outset that the Court finds the briefing to be of limited

utility.  Rather than squarely and thoroughly applying the facts of this case to the

rapidly developing legal landscape, counsel have submitted what appear to be

largely recycled arguments from unrelated matters.  The lack of thoughtful

advocacy in these filings is a disservice to both the litigants and the judicial

process.  The Court expects that subsequent submissions will reflect the care and

precision required of counsel appearing before this bench.

Respondents first allege in opposition that Respondents Acting Attorney

General Todd Blanche ("Blanche"), Department of Homeland Security Secretary

Markwayne Mullin ("Mullin"), and Acting Director of U.S. Immigration and

Customs Enforcement Todd Lyons ("Lyons") are improperly named because none

is Petitioner's immediate custodian.  "[L]ongstanding practice confirms that in

habeas challenges to present physical confinement—'core challenges'—the default

rule is that the proper respondent is the warden of the facility where the prisoner is

being held, not the Attorney General or some other remote supervisory official."

*Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted).  The Ninth

Circuit has "affirm[ed] the application of the immediate custodian and district of

confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241,

2

including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).  Petitioner identifies no authority requiring the presence of Blanche, Mullin, or Lyons, and the Court therefore dismisses each of them without prejudice.  Respondents Ernesto Santacruz Jr. ("Santacruz"), Acting Director, Los Angelese Field Office, and Fereti Semaia ("Semaia"), Warden, Adelanto ICE Processing Center, remain as Respondents.

Turning to the substance of the Petition, Respondents assert that contrary to Petitioner's argument that he entered the United States "without admission or parole," Petitioner was, in fact, detained at the border and paroled.  ECF No. 11 at 2; ECF No. 11-1.  Respondents maintain that Petitioner was previously apprehended when unlawfully entering the United States on September 22, 2022.  ECF No. 11 at 2.  The next day, September 23, 2022, Petitioner was paroled until November 22, 2022.  *Id.*  A little over three years later, Petitioner was arrested on February 4, 2026, and has remained detained since then pending his removal proceedings.  *Id.*  Accordingly, Respondents maintain that Petitioner is not entitled to immediate release.  Rather, Respondents argue that because of the expiration of Petitioner's parole years prior, his subsequent arrest and detention properly restored him to the status he had at the time of parole, which was immigration detention.  The Court disagrees.

Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5).  Under § 1182(d)(5)(A), noncitizens may be temporarily released on parole for "urgent

3

humanitarian reasons or significant public benefit."  Release under this section
requires a determination that the noncitizen poses neither "a security risk nor a risk
of absconding." 8 C.F.R. § 212.5(b).  Though disregarded by Respondents, "[o]nce
released, a parolee acquires an interest in his or her continued liberty."  *Chavarria
v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal.
Dec. 9, 2025).  As the district court in *Pinchi v. Noem* reasoned:

> Although in some circumstances the initial decision to detain or
> release an individual may be within the government's discretion, the
> government's decision to release an individual from custody creates
> "an implicit promise," upon which that individual may rely, that their
> liberty "will be revoked only if [they] fail[ ] to live up to the . . .
> conditions [of release]." *Morrissey* [*v. Brewer*], 408 U.S. [471, 482
> (1972)].

792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations added).

Many district courts in the Ninth Circuit have found that noncitizens paroled
into the United States under § 1182(d)(5) have a liberty interest in their continued
release and are entitled to certain due process protections.  *See M.B. v. Noem*, No.
1:25-cv-00005-DJC-AC, 2026 WL 74155, at *3 (E.D. Cal. Jan. 9, 2026)
(explaining that "by releasing Petitioner on parole pursuant to 8 U.S.C.
§ 1182(d)(5)(A), the government endowed Petitioner with a protected liberty
interest"); *see also Chavarria*, 2025 WL 3533606, at *3 (collecting cases). The
discretionary nature of Petitioner's parole does not alter the outcome.  "Once the
government exercises its discretion in ways that create constitutional rights, the
fact that the government retains statutory discretion does nothing to supplant those

previously created rights." *M.B.*, 2026 WL 74155, at *3; *Rico-Tapia v. Smith*, 806 F.Supp.3d 1166, 1182 (D. Haw. 2025) ("where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").  The Court agrees with the conclusions reached in these cases and finds that Petitioner has a constitutionally protected liberty interest in his continued release.

Respondents note that § 1182(d)(5)(A) provides that upon termination of parole, a noncitizen shall be "returned to the custody from which he was paroled." Petitioner's protected liberty interest, though, does not expire along with his parole. *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (finding that the petitioner reasonably maintained a liberty interest in his release pending a final removal decision in his immigration case.).  As the court observed in *Ramirez Tesara v. Wamsley*:

> Once established, Petitioner's interest in liberty is a constitutional right which may only be revoked through methods that comport with due process, such as a hearing in front of a neutral party to determine whether Petitioner's re-detainment is warranted.

800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025).  *See also Mody v. Warden*, No. 5:25-cv-03400-FMO-RAO, 2026 WL 51976, at *6 (C.D. Cal. Jan. 5, 2026) (issuing temporary restraining order where petitioner had been re-detained following expiration of his § 1182 parole); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159, 1179 (D. Nev. 2025) ("Petitioner has a fundamental interest in freedom from physical confinement, and that liberty interest is particularly strong

5

given his initial release from detention in 2022, and the fact that Respondents did not seek his return to custody upon the expiration of his parole in December 2022, or in the three years since.").

It is undisputed that Petitioner has yet to receive a custody redetermination hearing before an immigration judge. Following the above-cited cases, the Court finds that the Government failed to provide Petitioner with notice and an opportunity to be heard prior to detaining him over three years after his parole terminated. In doing so, Respondents violated Petitioner's due process rights.

There is nothing before the Court to indicate that Petitioner did not live up to his parole conditions. Respondents, on the other hand, breached their constitutionally required obligations to Petitioner. Under these circumstances, the Court finds that release, not a bond hearing, is the Petitioner's appropriate remedy. The Court therefor orders Petitioner's immediate release.

For the foregoing reasons and authorities:

(1)    The Court DISMISSES WITHOUT PREJUDICE Respondents Acting Attorney General Todd Blanche, Department of Homeland Security Secretary Markwayne Mullin, and Acting Director of U.S. Immigration and Customs Enforcement Todd Lyons;

(2)    The Court GRANTS Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241;

(3)     Because the Court GRANTS the Petition and concludes that Respondents' detention of Petitioner without a hearing violates procedural due process, Respondents are ORDERED to IMMEDIATELY release Petitioner from custody, subject to any conditions of his preexisting parole;

(4)     In light of the ruling on the Petition, the Court DENIES AS MOOT the Application;

(5)     Respondents are ORDERED to file a Status Report on or before May 8, 2026, confirming that Petitioner has been released; and

(6)     The Clerk of Court is DIRECTED to CLOSE this case.

 IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, May 5, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Obregon v. Mullin, et al.*, Civil No. 5:26-cv-02053-KJM; Order Granting Petition for Writ of Habeas Corpus and Denying as Moot Ex Parte Application for Temporary Restraining Order and Order to Show Cause

7